UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH GARCIA, § | |
|     Plaintiff, § | |
| V. § | C.A. NO. C-06-50 |
| § | |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
|     Defendant. § | |

**MEMORANDUM AND RECOMMENDATION**

On October 31, 2006, final judgment remanding this case to the Commissioner for further proceedings was entered (D.E. 19). The Commissioner has not appealed the judgment. On December 26, 2006, plaintiff filed his Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (D.E. 21-24). Plaintiff now seeks EAJA fees and costs in the amount of $3,161.76. The Commissioner failed to file a response. According to the Local Rules for the Southern District of Texas, failure to file a response is taken as a representation that a party has no objection to the granting of the relief requested. LR7.4. It is respectfully recommended that plaintiff's application (D.E. 21) be granted.

**APPLICABLE LAW**

In a civil suit brought against the United States or one of its agencies, the prevailing party is entitled to reasonable attorneys fees and costs under the EAJA unless the Court finds that the position of the government was substantially justified or the presence of special

circumstances make an award unjust. 28 U.S.C. § 2412. Plaintiff seeks EAJA fees for: (1) 17.5 hours of attorney work at the rate of $160.40 per hour for work performed in 2006; (2) filing fee of $250; and (3) expenses of $104.76 for postage, photocopies, and delivery service (D.E. 23 at 6).

**A.    Prevailing party**

The District Court remanded the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), directing the Commissioner to determine make a proper credibility determination presented by plaintiff and his treating physicians (D.E. 17, 18). A social security claimant is a prevailing party under such circumstances. Shalala v. Shaefer, 509 U.S. 292, 113 S.Ct. 2625, 2631-32 (1993). *See also* Squires-Allmen v. Callahan, 117 F.3d 918, 920 n. 2 (5th Cir. 1997).

**B.    Net worth of the plaintiff**

Plaintiff alleges his net worth does not exceed $2,000,000 (D.E. 21). 28 U.S.C. § 2412(d)(2)(B). The Commissioner has not argued otherwise and does not does not oppose an award of fees on this basis.

**C.    Position of the Government**

Plaintiff alleges that the position of the government was not substantially justified. 28 U.S.C. § 2412(d). To be substantially justified, the United States' position must have a "'reasonable basis both in law and in fact.'" Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 2550 (1988) (citations omitted). Put another way, "substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. It is more than merely

undeserving of sanctions for frivolousness, but less than "clearly and convincingly justified." Id. The Commissioner failed to submit any argument that its position was substantially justified. Plaintiff's claim was remanded because the administrative law judge ("ALJ") failed make proper credibility determinations of the evidence presented by plaintiff and his treating physicians (D.E. 18). The position of the government was not substantially justified.

**D.     Number of Hours Spent**

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. Also, the district court should exclude from the initial fee calculation hours that were not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L. Ed.2d 40 (1982). "To determine the number of hours reasonably spent, one must first determine the number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984).

Counsel requests compensation for 17.50 attorney hours (D.E. 21, 24). Approximately twelve and two tenths (12.2) hours were spent reviewing the record, preparing plaintiff's brief, reviewing the Commissioner's response, and reviewing the memorandum and recommendation. The time spent appears reasonable in light of the size of the record. The remaining hours included time to meet with the client, set up the file,

prepare the complaint, review court orders, and prepare the motion for payment of attorney's fees. The time spent was reasonable. The Commissioner has not argued otherwise.

**E.     Hourly Rate for Attorney Fees**

Plaintiff seeks EAJA fees at the rate of $160.40 per hour for 17.5 hours worked in 2006 (D.E. 24). The Commissioner has not filed any opposition to this request.

The EAJA provides that attorney's fees shall not be awarded in excess of $125 per hour[1] unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. Hall v. Shalala, 50 F.3d. 367, 370 (5th Cir. 1995). The cost-of-living adjustment has always been based upon the Consumer Price Index ("CPI") furnished by the Bureau of Labor Statistics. Perales v. Casillas, 950 F.2d 1066, 1074 (5th Cir. 1992). Moreover, in Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988), the Fifth Circuit Court of Appeals found that Congress intended to provide an allowance for a cost-of-living increase, although the statute does not absolutely require it. Except in unusual circumstances, if there is a significant difference in the cost of living since the setting of the basic hourly rate that would justify an increase in the fee, an increase should be granted. The rule does not require that fee awards track the cost-of-living index for the geographical area, although it is a significant indicator. Rates should be increased only to the extent necessary to ensure an adequate source of representation and should not exceed the percentage by which the market rate attorneys' fees have increased since the enactment of the statute. Id., 839 F.2d at 1084.

---

[1] The 1996 amendment to the EAJA, effective March 29, 1996, sets the hourly rate at $125.00. 28 U.S.C. § 2412(d)(2)(A).

See also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992)("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation; this expectation will not be realized, however, if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees").

A check of the data available on the Bureau of Labor Statistics Website (www.bls.gov) reflects that the consumer price index (CPI) for April 1996[2] was 143.1 and the overall CPI for 2006 was 180.6 for the Houston-Galveston-Brazoria area.  Dividing 180.6 by 143.1 equals 1.26, which represents a 26% increase in the CPI since March 1996.  If $125 per hour is multiplied by 1.26, the resulting hourly rate is $157.50.  It is recommended that plaintiff be granted attorney's fees for the year 2006 at the hourly rate of $157.50.

**F.     Expenses**

Plaintiff seeks reimbursement for the $250 filing fee, $40.28 for postage expenses, $25.20 for copying expenses, and $39.28 for delivery expenses (D.E. 24 at 2).  The EAJA authorizes reimbursement for costs and reasonable expenses.  28 U.S.C. § 2412(a) & 2412(d)(1)(A).  Costs are those items enumerated in 28 U.S.C. § 1920.  It is recommended that plaintiff's request for reimbursement of expenses be granted.

### RECOMMENDATION

For the above-stated reasons, it is respectfully recommended that plaintiff's petition for Attorney's Fees (D.E. 21) be **GRANTED**.  It is recommended that plaintiff's counsel be

---

[2] EAJA was enacted in March 29, 1996.

awarded attorneys fees of $2,756.25 (17.5 hours x 157.50 per hour), plus the $250 filing fee and expenses of $104.76, for a total of $3,111.01.

Respectfully submitted this 18th day of January, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (1996) (en banc).April 25, 2001